IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Linda Gail Stuart ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| vs. ) | |
| ) | |
| Executive Financial Consultants, Inc. ) | |
| ) | |
| Serve at: ) | |
| Executive Financial Consultants, Inc. ) | |
| 310 Armour Rd., Suite 220 ) | |
| North Kansas City, MO 64116 ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Linda Gail Stuart, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq.*, in her Complaint for Damages states and alleges to the Court as follows:

## INTRODUCTION

This case seeks relief for Plaintiff from Defendant's willful consumer reporting violations in connection with debts Plaintiff discharged in her bankruptcy. In short, Defendant violated the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. § 1681s-2(b) by failing to properly conduct a reasonable reinvestigation and correct the reporting mistakes on Plaintiff's Equifax credit report after Plaintiff twice disputed the inaccurate information to Equifax. Defendant's conduct is not only a violation of the FCRA, but Defendant's willful and unreasonable behavior, resulted in, among other things, Plaintiff's emotional distress, humiliation, inconvenience and a

1

hindrance to her bankruptcy fresh start. Plaintiff is asserting claims for the greater of actual damages or statutory damages, punitive damages, attorneys' fees and the costs of this action.

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that Defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

## PARTIES AND SERVICE

3. Linda Gail Stuart (hereafter "**Plaintiff**"), is a natural persons who, at all times relevant, resides in the State of Missouri.

4. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

5. Defendant Executive Financial Consultants, Inc., hereafter ("**Defendant**"), was and is a corporation conducting business in Missouri and may be served at 310 Armour Rd., Suite 220, North Kansas City, Missouri, 64116.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. On April 24, 2013, Plaintiff filed a Chapter 7 Bankruptcy in the Western District of Missouri, Case No.13-50263-can7.

7. The Amended Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on April 25, 2013, showing Defendant was sent notice twice of Plaintiff's bankruptcy.

8. The BNC Certificate of Mailing of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

9. Plaintiff had two medical bills that Defendant was collecting for Heart of America Surgery Center and Providence Medical Center; so Defendant was listed twice in Plaintiff's Schedules.

10. Plaintiff received her discharge on August 14, 2013.

11. The Notice of Discharge of Debtor was entered on August 16, 2013, showing Defendant was sent two notices of Plaintiff's discharge.

12. The BNC Certificate of Mailing of the Notice of Discharge of Debtor is attached as Exhibit B.

13. On February 17, 2014, Plaintiff requested and reviewed her credit reports from TransUnion, Equifax and Experian.

14. Plaintiff became aware that Defendant was misreporting information on her Equifax credit report.

15. Defendant was reporting incorrectly on Plaintiff's Equifax credit report that she still owed Defendant a balance of $326.00 on the Heart of America Surgery Center account and $329.00 on the Providence Medical Center account.

16. However, Plaintiff included and discharged those debts owed to Defendant.

17. Accordingly, Defendant, if it reported Plaintiff's accounts at all, should have been reporting that Plaintiff's account balances were $0.00.

18. On March 17, 2014, Plaintiff sent a letter with her bankruptcy discharge information to Equifax disputing Defendant's incorrect reporting in accordance with 15 U.S.C. § 1681i.

19. A Copy of Plaintiff's dispute letter is attached as Exhibit C.

20. Equifax sent a Consumer Dispute Verification to Defendant as required by 15 U.S.C. § 1681i.

21. Defendant failed to correct the balance reported on Plaintiff's Equifax credit report.

22. The incorrect Equifax report is attached as Exhibit D.

23. Despite the receipt and knowledge of Plaintiff's dispute letter, Defendant was still willfully misreporting to Equifax an outstanding balance of $326.00 on one account and $329.00 on another account.

24. Accordingly on April 28, 2014, Plaintiff sent a second letter to Equifax disputing Defendant's incorrect reporting in accordance with 15 U.S.C. § 1681i. A copy of the second dispute letter is attached as Exhibit E.

25. Equifax triggered an Automatic Consumer Dispute Verification to Defendant as required by 15 U.S.C. § 1681i.

26. Defendant again failed to correct the balance reported on Plaintiff's Equifax credit report. The incorrect report is attached as Exhibit F.

27. Despite the receipt and knowledge of Plaintiff's dispute letters, Defendant was still willfully misreporting to Equifax an outstanding Balance of $326.00 on one account and $329.00 on another account.

28. Defendant's failure to conduct a reasonable investigation of Plaintiff's accounts, as reported to Equifax, was a substantial factor causing Plaintiff's emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to

4

Case 4:14-cv-00561-FJG   Document 1   Filed 06/20/14   Page 4 of 9

this matter, vehicle operating costs for miles driven in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

### **FCRA LAW COMMON TO ALL COUNTS**

29. Defendant qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

30. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

31. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

32. The FCRA also provides privately enforceable duties limited to the formal process where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

33. After receipt of a disputed account from a CRA, a furnisher's duty is to review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

34. The courts have consistently adopted that the standard of the furnisher's reinvestigation must be evaluated under a reasonable investigation standard.

35. This standard will be evaluated from a number of factors.

36. One specific obligation is that the furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

37. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the

reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

38. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

39. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

40. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. § 1681n.

41. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

## CAUSES OF ACTION

### COUNT I
**(Violations under the Fair Credit Reporting Act reporting to Equifax)**

42. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in her Complaint.

43. After receiving multiple notices from the Bankruptcy Court, receiving two notices of Plaintiff's dispute letters from Equifax, by conducting a minimally reasonable reinvestigation,

Defendant should have properly updated the information reported on Plaintiff's accounts to Equifax.

44. As a result of Defendant's failure to conduct a reasonable reinvestigation, Defendant caused Plaintiff to incur emotional distress, frustration, inconvenience, time and expense.

45. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

46. Plaintiff's actual damages include but are not limited to, Plaintiff's emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

47. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

48. Defendant was notified multiple times of Plaintiff's bankruptcy, and nonetheless furnished inaccurate account information to Equifax.

49. Defendant was further notified by Equifax of Plaintiff's two dispute letters requesting a reinvestigation that it was reporting inaccurate information on Plaintiff's credit reports.

50. Yet, Defendant elected to ignore that information and refused to correct Plaintiff's Equifax credit reports.

7

Case 4:14-cv-00561-FJG   Document 1   Filed 06/20/14   Page 7 of 9

51. The purpose of the reinvestigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

52. Defendant's failure to have proper procedures in place to conduct a reasonable investigation of Plaintiff's accounts illustrates a reckless disregard for Plaintiff's rights under the FCRA.

53. Defendant's failure to conduct a reasonable investigation and correct the information Defendant is furnishing to Equifax concerning Plaintiff's accounts constitutes a willful violation of the FCRA.

54. Defendant fails to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

55. This failure is compounded by Defendant's failure to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Linda Gail Stuart respectfully requests this Court award the following:

    a. Actual Damages;

    b. Statutory Damages for each violation of the FCRA;

    c. Punitive Damages;

    d. Costs and reasonable attorney's fees pursuant to the FCRA;

    e. Removal of all misreported information from Plaintiff's Equifax credit reports;

f. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*/s/* Chelsea S. Springer
_____

Chelsea S. Springer #51089
The Law Offices of Tracy L. Robinson, LC
1125 Grand Boulevard, Suite 1300
Kansas City, MO 64106
Phone: (816) 842-1317
Fax: (816) 842-0315
admin@tlrlaw.com
Attorney for Plaintiff